## Lillie Booker v. The State.

### No. 3906. Decided June 24, 1908.

**1.—Theft From Person—Misconduct of Deputy Sheriff—New Trial.**

Where upon trial for theft from the person, a deputy sheriff interfered with the deliberations of the jury by derogatory remarks to the jurors who were for acquittal, during the deliberations of the jury, the verdict of conviction must be set aside.

**2.—Same—Juror Impeaching His Verdict.**

It is against public policy for a juror to impeach his verdict, by swearing that he believes the defendant innocent. Following McCane v. State, 33 Texas Crim Rep., 476.

Appeal from the District Court of Travis. Tried below before the Hon. Chas. A. Wilcox.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*O. Dickens,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of theft from the person and her punishment assessed at confinement in the penitentiary for two years.

The only question we deem necessary to consider in this record is the misconduct of the deputy sheriff Townsend in interfering with the deliberations of the jury. The juror Smith testifies: "Said deputy asked me what was the matter with me, and I said 'nothing.' Q. Did he say anything about you and Patterson holding out? A. Yes, sir. Q. What did he say? A. He said, you must be hardheaded; your head is so hard you could break a brick wall with it. I said my head is hard, but not as hard as that. Q. The deputy had charge of you? A. We were in the juryroom when he made this remark. Q. You had not reached a verdict at that time? A. No, sir."

The rest of the bill of exceptions shows that the juror Smith and the juror Patterson were for acquittal, and the other jurors being for conviction. The deputy sheriff, Townsend, according to the juror Riley's testimony, told said juror Riley the following: "I asked those boys if they were butting their brains up against ten men." The juror Riley said, however, " 'We do not know who you are alluding to.' Do not remember seeing him say anything to the juror Smith. He made this remark to me down at the restaurant while he had us in charge. We had not reached a verdict at that time. The deputy sheriff just remarked, 'I asked those men if they were butting their brains up against ten men.' He didn't say what men or anything about it." This con-

duct was very reprehensible and when the testimony was adduced the court would have been warranted in fining the deputy sheriff for contempt. It was an unwarranted, if not a criminal, interferenc with the deliberations of the jury, which has never been countenanced nor will not be recognized by this court. It matters not how obstinate a juror may be, he is entitled, in the deliberations of the jury, to a free, full and fair discussion and an untrammeled, continued expression of his views in reference to the guilt or innocence of the appellant then on trial, and any unwarranted intermeddling of the deputy sheriff or any other third party, is a ruthless violation of the dignity of the court and comes clearly within the rule of contempt of the court in that it interferes or tends to interfere with the due and orderly administration of justice in the courts of this State. The juror Smith swears that he still believes the appellant innocent. This is a matter, however, that we would not seriously consider since it is against public policy for a juror to impeach his verdict in any such manner. For a discussion of the rule pertaining to the matter of jurors impeaching their verdicts see the case of McCane v. State, 33 Texas Crim. Rep., 476.

On account of the misconduct of the deputy sheriff in interfering with the deliberations of the jury, the judgment is reversed and the cause remanded.

*Reversed and remanded.*